**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **KEMAR WHITE** | ) | |
| Plaintiff, | ) | |
|  | ) | |
| **v.** | ) | **Civil Action No. 1:16-cv-** |
|  | ) | |
| **TAURUS LAW GROUP, P.C.** | ) | |
| Defendant, | ) | |
|  | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I.     INTRODUCTION

1.     This is an action for actual and statutory damages brought by plaintiff Kemar White, an individual consumer, against Defendant's violations of the law, including, but not limited to violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter "TCPA"), by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

## II.     JURISDICTION

2.     Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and 1337.

3.      Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Since Defendant transacts business and resides here, personal jurisdiction is established.

### III.     PARTIES

4.      Plaintiff, <u>Kemar White</u> (hereinafter "Plaintiff") is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in <u>Suffolk County</u>, in the state of <u>Massachusetts</u>.

5.      Defendant, <u>Taurus Law Group, P.C.</u> (hereinafter "Defendant") is a collection agency and domestic corporation engaged in the business of collecting debt in this state with its principal place of business located in <u>Essex County</u>, in the state of <u>Massachusetts</u>.

6.      Plaintiff is informed and believes, and thereon alleged, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7.      At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.     FACTUAL ALLEGATIONS

8.      Sometime before August 4, 2016, Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and was therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9.      Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10.     The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11.     Defendant then, within one year prior to the filing of this complaint, began contacting Plaintiff, prior to August 4, 2016; seeking and demanding payment for an alleged consumer debt owed under an account number.

12.     Defendant then within one year prior to the filing of this complaint, during the first half of 2016, called Plaintiff's work telephone number looking for Plaintiff, trying to collect on an alleged debt.  Plaintiff told Defendant to stop calling him during at least one conversation, but despite this, Defendant continued to call him back at his work number.

13.     Defendant also called Plaintiff on his cellular phone number least twice during this time.

14.     The calls to Plaintiff's cell had a delay of a couple seconds between picking up and the other side answering, indicating Defendant made the calls with an automated telephone dialing machine

15.     These calls between Plaintiff and Defendant were "communications", as defined by 15 U.S.C. § 1692a(2), and Defendant's conduct was in violation of both the TCPA and the FDCPA; including but not limited the FDCPA's 15 U.S.C. §§1692c(a)(3), §1692c(a)(1), §1692d, and §1692f.

## V.   CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS

16.    Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.    On information a belief, Defendant is a debtor collector in the business to collecting debts primarily owed to another.

18.    The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited

   a.  Contacting plaintiff at work after being notified that such calls are not permitted. § 1692c(a)(3);

   b.  Contacting plaintiff in a manner the natural consequence of which is to harass, oppress, or abuse Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay on the alleged debt. § 1692d

19.    As a result of the foregoing violations of the FDCPA in its attempts to collect on the alleged debt, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

### SECOND CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS

18. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the TCPA including each and every one of the provisions of the TCPA, 47 U.S.C. § 227 et seq. with respect to Plaintiff.

20. As a result of the foregoing violations of the TCPA, Defendant is liable to Plaintiff, for actual damages pursuant to 47 U.S.C. § 227, statutory damages in an amount up to $500.00 for each violation of the TCPA pursuant to 47 U.S.C. § 227, treble damages pursuant to 47 U.S.C. § 227, and reasonable costs and attorney fees pursuant to 47 U.S.C. § 227, from Defendant herein.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kemar White respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations; as well as pursuant to the TCPA, and also the tort of invasion of privacy recognized in the Commonwealth of Massachusetts, in amounts to be determined at trial and for Plaintiff.

B. Statutory damages of $1,000.00 that Defendant violated the FDCPA, from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Trebled statutory damages that Defendant violated the TCPA, from Defendant pursuant to 47 U.S.C. § 227 et seq.

D. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

F. For such other and further relief as the Court may deem just and proper.

Dated:  September 18, 2016                     RESPECTFULLY SUBMITTED,

By: /s/ Sebastian Korth

Sebastian Korth, Esq.

BBO:  676127

Korth Law Office

12 Maple St.

Ludlow, Massachusetts 01056

Phone: (617) 259-1955

Fax: (617) 238-2167

skorth@korthlawoffice.com

**Attorney for Plaintiff**

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Kemar White demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.